IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT FLOYD, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 23-CV-202-SMY |
| | ) |
| ACTING WARDEN OF FCI GREENVILLE, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Petitioner Robert Floyd, currently incarcerated at Greenville Federal Correctional Institution, brings this habeas corpus action (erroneously titled as a "motion") pursuant to 28 U.S.C. § 2241, challenging the computation of his sentence (Doc. 1). Respondent opposes the Petition and seeks dismissal without prejudice for failure to exhaust administrative remedies (Doc. 14). For the following reasons, the Petition will be **DISMISSED without prejudice.**

### Factual Background

The following facts are undisputed unless otherwise noted: On September 7, 2017, Robert Floyd was arrested by Illinois authorities and charged with Armed Robbery and Aggravated Robbery in the Circuit Court of Cook County, Case No. 17-CR-1464001 (Doc. 14-2 at ¶ 5). While Floyd remained in state custody awaiting disposition of these charges, he was indicted on March 8, 2018, in the United States District Court for the Northern District of Illinois for Felon in Possession of a Firearm in Case No. 18-CR-00151 (*Id*. at ¶ 6).

Although Floyd remained in primary State custody, federal authorities "borrowed" him from April 3, 2018, via a Writ of Habeas Corpus *ad Prosequendum*, to appear in the federal case

(*Id*. at ¶¶ 7-8). He was sentenced to a 21-month term of imprisonment on this federal charge on November 19, 2018 (*Id.* at ¶ 9). The Judgment did not specify whether the federal sentence should run consecutively or concurrently with any sentence relating to his then pending state charges (Doc. 14-2, pp. 30-31).

Floyd was returned to the custody Illinois authorities on December 13, 2018, after which he was sentenced to a 10-year term of imprisonment by the Circuit Court in Cook County, Illinois for Aggravated Robbery in Case No. 17-CR-1464001 (*Id.* at ¶¶ 10-11). The Illinois Department of Corrections paroled him from that sentence on July 8, 2022, and he was released to federal custody to serve his federal sentence with the Bureau of Prisons ("BOP") (*Id.* at ¶ 12). He is currently incarcerated at FCI Greenville, with an anticipated release date of September 14, 2023 (*Id.* at ¶¶ 2, 14).

## Discussion

Floyd challenges the calculation of his sentence pursuant to the instant "Motion under 28 U.S.C. § 2241 for [18 U.S.C.] § 3584 and [U.S. Sentencing Guidelines] § 5G1.3" (Doc. 1). Respondent BOP opposes his motion for failure to exhaust administrative remedies and on substantive grounds as well. According to an Affidavit by BOP Paralegal Specialist Paula Trujillo, Floyd has not filed a request for administrative remedy or appeal thereof while in BOP custody (Doc. 14-1 at ¶ 8).

The Attorney General, acting through the Bureau of Prisons, calculates the sentence "as an administrative matter when imprisoning the defendant." *United States v. Wilson,* 112 S.Ct. 1351, 1355 (1992). While this calculation can be challenged in a §2241 petition, such a petition may

only be considered after administrative remedies have been exhausted.[1] *Clemente v. Allen,* 120 F.3d 703, 705 (7th Cir. 1997).  Because the exhaustion requirement is not created by statute and is not jurisdictional, there can be exceptions to the requirement where "sound judicial discretion governs."  *Gonzalez v. O'Connell,* 355 F.3d 1010, 1016 (7th Cir. 2004).

A District Court may excuse the inmate's failure to exhaust where: (1) requiring exhaustion of administrative remedies causes prejudice, due to unreasonable delay or an indefinite timeframe for administrative action; (2) the agency lacks the ability or competence to resolve the issue or grant the relief requested; (3) appealing through the administrative process would be futile because the agency is biased or has predetermined the issue; or (4) where substantial constitutional questions are raised.  *Id.*  Because Floyd has not established that BOP is incapable of addressing the calculation of his sentence or that proceeding through the administrative process would be futile, this Court declines to excuse him from exhausting his administrative remedies through the BOP's Administrative Remedy Program.

Accordingly, the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED without prejudice**. Petitioner Floyd may move to reopen this matter once he has proof of exhausting his administrative remedies.  The Clerk of Court is **DIRECTED** to close this case.

**IT IS SO ORDERED.**

**DATED:  May 4, 2023**

**STACI M. YANDLE**
**United States District Judge**

---

[1] The Bureau of Prisons has created an Administrative Remedy Program which "allow[s] an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a).  The Program is described in detail in the Response to the Petition (Doc. 14, p. 5).